## (March 16, 1961)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SIDNEY NEWMAN, Appellant.— Judgments of conviction and the intermediate orders denying motions of the defendant to withdraw his pleas of guilty, affirmed. Involved are pleas to two informations, each of which charged defendant with Multiple Dwelling Law violations concerning a different property of which he was alleged to be the managing agent. Upon arraignment on February 18, 1959, he had pleaded not guilty. On March 6, 1959, by attorney and in person, he specifically requested a change of his plea from not guilty to guilty, and his plea of guilty was accepted. Later, however, and on April 20, 1959, he requested permission of the court to withdraw his plea of guilty to the particular informations upon the ground of alleged mistake, claiming that, unknown to him at the time of his plea of guilty, the informations charged violations at a time when he was not in fact the managing agent of the particular properties. It appears that the defendant was represented by counsel at all times and had full opportunity to examine into the nature of the charges. The pleas of guilty were voluntarily · made without the defendant being under any particular pressure. It was merely the position of his attorney that he should be permitted to withdraw the pleas in that he was not guilty of the particular charges because he did not become managing agent of the respective properties until some time after the dates of violations specified in the informations. It is apparent, however, that the properties were in violation in the periods during which he was managing agent thereof. The Magistrate, after hearing the defendant on April 21, 1959 in connection with his request to withdraw his pleas of guilty, specifically found that "the facts of the matter are that this defendant, (1) had four lawyers, (2) was undeniably the agent, (3) he was the employee of one of the attorneys, (4) he came into Court and he pleaded guilty." The Magistrate further said, "it becomes difficult to this Court to accept the idea that this defendant did not know what he was being charged with." Bearing in mind that the defendant was adequately represented by counsel, that he had more than reasonable opportunity to acquaint himself fully with what he was being charged with, and that his pleas of guilty were deliberately made by him in person, we

are satisfied that it was not an abuse of discretion by the Magistrate to deny defendant's application for permission to withdraw his pleas. Concur — Breitel, J. P., Stevens and Eager, JJ.; Rabin and Valente, JJ., dissent and vote to reverse in the following memorandum by Valente, J.: I dissent. I would reverse the judgments of conviction and permit defendant to withdraw his plea of guilty. Section 337 of the Code of Criminal Procedure provides that a court may in its discretion permit a plea of guilty to be withdrawn before judgment and a plea of not guilty to be substituted. Under the circumstances of this case the refusal to permit the withdrawal of the plea of guilty constituted an abuse of discretion as a matter of law. Defendant urged on his application for leave to withdraw his plea that he learned for the first time, after he had entered his plea of guilty, that the informations charged him with violations of law as the managing agent of certain properties on dates when he was neither the agent nor even employed by the owner of the property. Despite the fact that defendant's assertion that he was not an agent or employee on the crucial dates was not controverted, he was not permitted to withdraw a plea of guilty obviously entered on the basis of an erroneous belief as to the allegations of the informations filed against him. The stark consequence of the ruling is that a criminal conviction will be permitted to stand even though it may have been impossible for the defendant to have committed the acts charged, if the uncontroverted allegations as to not being an agent or employee on the particular dates are established. Such a result offends traditional concepts of justice in the administration of the criminal law. Since a mistake, such as is urged here, if established, could form the basis for a successful *coram nobis* after a judgment, it certainly should constitute sufficient ground for favorable consideration under section 337 of the Code of Criminal Procedure. In other words, no plea of guilty to a crime should be permitted to stand — if timely application is made to withdraw it before judgment — where the basis for relief is that defendant could not, upon the uncontroverted facts, have committed the crime charged.