UNITED STATES ex rel. Ramon RIVERA, Relator-Appellant,

v.

Harold W. FOLLETTE, Warden of Green Haven Prison, Stormville, New York, Respondent.

No. 342, Docket 31776.

United States Court of Appeals Second Circuit.

Argued March 19, 1968.

Decided May 16, 1968.

Anthony F. Marra, New York City (William E. Hellerstein, New York City, on the brief), for relator-appellant.

Louis J. Lefkowitz, Atty. Gen. of State of New York (Mortimer Sattler, Asst. Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Mortimer Sattler, Burton Herman, Asst. Attys. Gen., on the brief), for respondent.

Before LUMBARD, Chief Judge, FRIENDLY, Circuit Judge, and CLARIE, District Judge.*

CLARIE, District Judge:

The appellant, a state prisoner, was sentenced on April 14, 1965, to serve three and one-half to five years imprisonment, after pleading guilty on June 8, 1964, to attempted felonious possession of a narcotic drug. He now appeals from an order of the United States District Court for the Southern District of New York, which dismissed without a hearing, his application for habeas corpus. The claim is made that he should have been afforded a hearing, because the state court's finding is not supported by the record, that it did not give him a full and fair hearing and that it applied an erroneous rule of law.

On June 8, 1964, the appellant, who was represented by retained counsel, moved for permission to withdraw his prior not guilty plea and expressed his desire to plead guilty to the crime of which he now stands convicted. The plea hearing record discloses that before granting his motion and accepting his guilty plea, the Court thoroughly inquired to ascertain that he was fully informed of the nature of the acts for which he was admitting criminal guilt; and advised him that his prior felony record would require that the court treat him as a multiple offender.

After the court accepted his guilty plea, his counsel requested that imposition of sentence be withheld until disposition in the federal court of an indictment then pending against him for alleged offenses not connected with the state court charge.[1] After a trial on the latter charge, he was found not guilty. He then returned to the state court with a motion to withdraw his guilty plea. He represented that his plea had been based upon a statement made to him by his attorney, that he would be allowed to withdraw his plea, should he so desire at the conclusion of the pending federal charge.

The presiding judge, before whom the guilty plea had originally been made, granted a thorough and exhaustive hearing on appellant's motion to withdraw the plea, which extended over parts of three days. Appellant testified in his own behalf, as did his common-law wife and the counsel who represented him when his plea was originally entered. The state court found: " * * * (T)he credible evidence developed at the hearing shows conclusively that the defendant was under no misapprehension at the time he entered the plea, either as to its felonious nature or as to its withdrawal. * * * (T)he record of the hearing establishes that if he was misled at all, the misunderstanding arose only after the plea had been entered."

---

* Of the District Court of Connecticut, sitting by designation.

1. Judicial notice is taken of Federal Indictment Southern District of New York, No. 64 Crim. 471 and the State Court indictments in the Supreme Court of New York, Nos. 1320–64 and 1322–64.

Thereupon, the court denied the motion. The Appellate Division unanimously affirmed the judgment of conviction, People v. Rivera, 26 A.D.2d 619, 271 N.Y.S. 2d 592 (1st Dept., 1966), and leave to appeal to the New York Court of Appeals was denied September 6, 1966.

It has long been settled law that a guilty plea, entered in either a state or federal court, must be voluntarily and knowingly made. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942); Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 311 (2d Cir. 1963). The factual question to be resolved here is whether the circumstances of the plea met the criteria which the law requires.

The procedural test of the appellant's claims is governed by 28 U.S.C. § 2254 (d) as amended November 2, 1966. It provides that the state court's findings on the factual issues are presumed to be correct, unless the applicant shall otherwise establish. The transcript record in the state court proceeding clearly reveals a full, fair and adequate hearing on the merits. The District Court judge's findings demonstrate that he availed himself of this state court transcript record prior to his denial of the petition.

"Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas corpus applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts." Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963).

A criminal defendant has no absolute right to withdraw a plea of guilty. Permission to do so rests in the sound discretion of the trial judge. N.Y. Code of Crim.Procedure § 337 (McKinney); People v. Davis, 18 N.Y.2d 859, 276 N.Y.S.2d 115, 222 N.E.2d 734 (1966); People v. Adams, 18 N.Y.2d 847, 275 N.Y.S.2d 852, 222 N.E.2d 611, (1966); People v. Sparaco, 14 N.Y.2d 786, 250 N.Y.S.2d 814, 199 N.E.2d 845 (1964); People v. Newman, 13 A.D.2d 468, 212 N.Y.S.2d 682 (1st Dept. 1961), aff'd 10 N.Y.2d 847, 221 N.Y.S.2d 732, 178 N.E.2d 434 (1961). The federal test for withdrawal of a valid plea of guilty is similar. Fed.R.Crim.P. 32(d). United States v. Giuliano, 348 F.2d 217, 221 2 Cir. 1965); United States v. Panebianco, 208 F.2d 238, 239 (2 Cir. 1953), cert. den. 347 U.S. 913, 74 S.Ct. 478, 98 L.Ed. 1069 (1954). It is the appellant's burden to establish grounds which would justify granting the withdrawal, United States v. Smiley, 322 F.2d 248 (2 Cir. 1963), and the determination of whether that burden has been met rests within the discretion of the presiding judge, whose decision is reversible only if clearly erroneous. United States v. Hughes, 325 F.2d 789, 792 (2 Cir. 1964). Also see 28 U.S.C. § 2254(d) (8).

In evaluating the truth of the factual circumstances, the presiding state court judge had the benefit of the testimony of live witnesses before him as well as a transcript of the original pleading minutes. The appellant's conflicting testimony weighed against the court transcript, together with the evasive and speculative recollection of the other witnesses eloquently support the factual conclusions arrived at by the state court judge. That part of appellant's claim which alleges that subsequent to plea his counsel's discussion of possible procedural tactics in the pending state and federal cases led him to a misapprehension as to his right to withdraw his plea, does not require comment. Judgment affirmed.