Isaac J. GADSDEN, Petitioner,

v.

Harold SILBERGLITT, Warden, Brooklyn House of Detention, Respondent.

No. 69–C–186.

United States District Court
E. D. New York.

May 26, 1969.

MEMORANDUM DECISION AND ORDER

BARTELS, District Judge.

Isaac J. Gadsden filed a petition for a writ of *habeas corpus*, pursuant to 28 U.S.C.A. § 2254, in *forma pauperis*, against Harold Silberglitt, Warden of the Brooklyn House of Detention, and attached to this petition a handwritten complaint against the New York City Police Commissioner Howard Leary and Brooklyn Detectives Martin Butler, Joe Velenti and John Doe of the 77th Pct., and the District Attorney's Office, Kings County, seeking to institute, in *forma pauperis*, an action invoking the removal provisions of 28 U.S.C.A. § 1441 for violation of his "civil rights" as set forth in 28 U.S.C.A. § 1443. In the complaint he requests this Court to enjoin, pursuant to 42 U.S.C.A. § 1983, the criminal proceeding in the State court against him. This hodgepodge conglomerate was understandably filed by the Clerk of this Court as a petition for a writ of *habeas corpus*.

The Court will attempt to adduce the substance of these two unrelated proceedings. By incorporating by reference the civil rights complaint into the application for a writ of *habeas corpus*, the Court is able to infer that both are predicated upon the same facts, which are, in brief, as follows:

Petitioner pleaded guilty to murder in the Supreme Court, Kings County, and to date has not been sentenced. He claims that he was riding in a cab in Brooklyn when he became ill due to narcotic withdrawal symptoms; that he left the cab to relieve himself by the curb, leaning against a parked car for support, and that in this posture he noticed some objects lying on the seat of the car and was arrested in the process of removing them and subsequently charged with murder.

Petitioner claims that the police officers conspired to deprive him of his "civil rights" due to his ignorance; extorted self-incriminating statements from him; "crystallized" the identification of him by the complaining witness and interrogated him without complying with the mandate of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He additionally contends that a suppression hearing held on February 3 and 4, 1969, was infected with numerous defects, including suppression of medical records and inconsistent testimony. As though this was insufficient, he makes the further charge of ineffective assistance of counsel and prejudice on the part of the judge and concludes that he has no just remedies in the courts of New York.

Since the petitioner has not yet been sentenced, *habeas corpus* relief must be denied for failure to exhaust available State remedies. The application to remove must likewise be denied for the following reasons: Petitioner's allegations do not establish a case for removal under the civil rights removal provisions. Section 1443(1), 28 U.S.C. A., provides relief only when some State constitutional or statutory provision prevents an individual from enforcing a specific Federal statutory provision designed to prevent the deprivation of rights because of race. City of Green-Wood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633 (1906); Strauder v. West Virginia, 100 U.S. 303, 25 L.Ed. 664 (1880). Section 1443(2), 28 U.S.C.A., covers those situations where a case prosecuted in the State is predicated on any act of the defendant performed under color of authority of any law providing for equal civil rights or is predicated upon a refusal to perform an act as being inconsistent with such a law. City of Greenwood, Miss. v. Peacock, *supra*. In sum, Section 1443 applies "only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights * * *". New York v. Galamison, 342 F.2d 255, 269, 8 A.L.R.3d 263 (2d Cir. 1965), *cert. denied*, 380 U.S. 977, 85 S.Ct. 1342, 14 L. Ed.2d 272 (1965). Nowhere in the complaint does petitioner assert that any particular statute involving equal civil rights has been violated, within the meaning of § 1443, nor does he present facts which in any way indicate that he is being deprived of such rights. Assuming that there has been, in the course of petitioner's interrogation or criminal proceedings, some violation of his rights, constitutional or otherwise, there is no indication whatsoever of a violation of his civil rights as such. Not every violation of a right is a violation of a civil right.

Except in limited circumstances, not here present, the Court will not grant injunctive relief under 42 U.S.C. A. § 1983 in a criminal proceeding pending in the State court, predicated upon the deprivation of constitutional rights. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943), *reh. denied*, 319 U.S. 782, 63 S.Ct. 1170, 87 L.Ed. 1726 (1943); Hall v. New York, 359 F.2d 26 (2d Cir. 1966), *cert. denied*, 385 U.S. 879, 87 S.Ct. 161, 17 L. Ed.2d 106 (1966); Moss v. Hornig, 314 F.2d 89 (2d Cir. 1963).

Accordingly, petitioner's application for a writ of *habeas corpus* and for removal of the State court proceeding and other relief implicit in his application, is hereby denied and it is so ordered.