**UNITED STATES of America ex rel. Issac GADSDEN, Petitioner,**

v.

**Leon J. VINCENT, Superintendent, Greenhaven Correctional Facility, Respondent.**

**No. 74 Civ. 3245.**

United States District Court, S. D. New York.

Nov. 20, 1975.

Issac Gadsden, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, for respondent; David L. Birch, Asst. Atty. Gen., New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Issac J. Gadsden petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 6, 1969, he entered a plea of guilty to a murder indictment in Supreme Court, Kings County, State of New York. Petitioner contends that he was denied the effective assistance of counsel and that the trial court abused its discretion in denying his application to withdraw his guilty plea.

█ A petition for a writ of error *coram nobis* was denied by the Supreme Court and affirmed by the Appellate Division. The New York Court of Appeals denied leave to appeal. Thus all state remedies have been exhausted.[1]

Petitioner's privately retained counsel entered an appearance on February 9, 1968, and continued to represent him throughout the suppression hearings held a year later. After conducting an extensive hearing on the motions to suppress, the Judge denied the motions and set the case down for trial the next morning. A one day adjournment was granted to permit a discussion of a possible disposition of the case. The plea negotiations between defense counsel and the district attorney proved fruitless.

On the morning the trial was scheduled to commence, the defendant informed the Court that he no longer wished his privately retained counsel to represent him and requested the appointment of two attorneys and two investigators. Private counsel informed the Court that the defendant had not been able to pay him since the original motion stage. In the course of the colloquy, the attorney explained that the district attorney had expressed a willingness to accept a plea to manslaughter, first degree. The suppression motions had been based on a belief that should they be denied, the defendant would be able to enter a plea to the lesser charge. During the plea discussions the day before, it became apparent that the district attorney would no longer agree to the disposition. Since the case would go to trial, counsel argued that his client was entitled to be represented by an attorney who would be paid. The only statement made by the defendant, himself, was that "I can no longer retain this counsel." (Tr. 168).

After reviewing the history of counsel's appearances for the defendant, the Court denied the request finding that it was a dilatory tactic intended to impede the administration of justice. (Tr. at 178). The Court further noted that private counsel had conducted the earlier hearing "very ably." Counsel's request to withdraw was also denied. The defendant indicated that he did not wish to proceed as his own attorney and the Court ordered private counsel to proceed on his behalf. A jury was selected that afternoon.

Following opening statements the next day, defendant informed the Court that he wished to change his plea to guilty. Defendant requested and was granted a half-hour recess to discuss the matter with his attorney. Thereafter, the Court conducted an inquiry into the factual basis and voluntariness of the plea. The plea was accepted and a date was set for sentencing.

Prior to imposition of sentence, defendant moved to withdraw his guilty

---

1. A previous habeas corpus petition in federal court, made prior to sentencing, was dismissed for failure to exhaust state remedies, *Gadsden v. Silberglitt*, 299 F.Supp. 1236 (E.D.N.Y.1969).

plea. The trial judge denied the motion without a hearing.

■■■ A defendant does not have an absolute right to withdraw his guilty plea and leave to do so is in the sound discretion of the trial judge. *United States ex rel. Rivera v. Follette*, 395 F.2d 450, 452 (2d Cir. 1968); *Warren v. Hogan*, 373 F.Supp. 1241 (S.D.N.Y.1974). Defendant has the burden of establishing circumstances which would warrant the withdrawal. *Id.* The trial judge who presided over the taking of the plea was convinced that it was knowingly and voluntarily made after full consultation with counsel and made without threat or coercion. I find nothing in the record which indicates to the contrary.[2]

■■■ Petitioner argues that the trial court's failure to appoint substitute counsel at his request deprived him of the effective assistance of counsel. On that basis, he alleges that the trial court abused its discretion in denying him permission to withdraw his plea.

There is no absolute right to counsel of one's choosing and a mere denial of a continuance to substitute counsel does not deprive a defendant of any constitutional right. *United States ex rel. Baskerville v. Deegan*, 428 F.2d 714, 716 (2d Cir. 1970). The Court of Appeals for this Circuit has warned against the use of a request for change of counsel as a stalling tactic:

> "Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay."

*United States v. Llanes*, 374 F.2d 712, 717 (2d Cir.), *cert. denied*, 388 U.S. 917, 87 S.Ct. 2132, 18 L.Ed.2d 1358 (1967).

2. The defendant claims that defense counsel had told him that he would receive a lighter sentence if he pleaded guilty. Prior to accepting the plea, the Court conducted a careful inquiry to determine if any promises had been made by the Court, the district attorney, or defense counsel. The defendant indicated that none had been made. (Tr. at 200).

Furthermore, the record discloses that the idea of a change of plea after the trial had commenced originated with the defendant, not his counsel. (Tr. 192, 214). Thereafter, defendant

In the instant case, the trial was scheduled to begin the very day the request for substitution was made. No dissatisfaction with counsel had been expressed prior to that time. I find no abuse of discretion in the trial court's denial of the request on the ground that it was a "dilatory tactic." Accordingly, the petition is dismissed.

SO ORDERED.

discussed the matter with his attorney and made the formal change of plea.

In any event, an erroneous estimate of sentence made by defense counsel will not serve as a basis for withdrawal of a guilty plea. *United States ex rel. La Fay v. Fritz*, 455 F.2d 297 (2d Cir. 1972), *cert. denied*, 407 U.S. 923, 92 S.Ct. 2471, 32 L.Ed.2d 809 (1972); *United States ex rel. Scott v. Mancusi*, 429 F.2d 104 (2d Cir. 1970). See also, *United States ex rel. Johnson v. Mancusi*, 401 F.Supp. 531 (S.D.N.Y. 1975).