*United States v. Whittingham*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-four.

PRESENT:

> GUIDO CALABRESI,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee,*

> v.                                                                          No. 22-1507

NADINE AVIA WHITTINGHAM,

> *Defendant-Appellant.*

_____

| | |
|---|---|
| **For Defendant-Appellant:** | PIETER VAN TOL, Hogan Lovells US LLP, New York, NY. |
| **For Plaintiff-Appellee:** | LAYALIZA SOLOVEICHIK (Varuni Nelson, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from a July 13, 2022 judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Nadine Avia Whittingham appeals from the district court's grant of judgment on the pleadings in favor of the government in its action to denaturalize Whittingham under 8 U.S.C. § 1451 based on her commission of a crime involving moral turpitude during the period leading up to her naturalization as a United States citizen in 2006. Notwithstanding her conviction at trial for bank fraud, which Whittingham does not dispute is a crime involving moral turpitude, Whittingham argues that the district court erred in concluding as a matter of law

2

that she committed the fraud *before* her naturalization. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Section 1451(a) requires United States Attorneys to seek revocation of a person's naturalized citizenship where the "order and certificate of naturalization were illegally procured." 8 U.S.C. § 1451(a). A person's naturalization will be deemed to have been illegally procured if she committed – or attempted or conspired to commit – a crime involving moral turpitude in the five years before the date she filed her naturalization application, or during the period between filing and admission to citizenship. *See id.* §§ 1427(a), 1101(f)(3), 1182(a)(2)(A)(i). The government "carries a heavy burden of proof" when seeking to revoke someone's naturalized citizenship: "[t]he evidence justifying revocation of citizenship must be clear, unequivocal, and convincing." *Fedorenko v. United States*, 449 U.S. 490, 505 (1981) (internal quotation marks omitted).

Whittingham filed her application for naturalization in January 2006 and was naturalized on May 12, 2006. In 2008, she was convicted of having committed and having conspired to commit bank fraud in 2005 and 2006. The government thereafter commenced this action to revoke Whittingham's citizenship on the ground that it was illegally procured because she committed a

crime involving moral turpitude during the statutory period set forth in section 1427(a). The government moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and the district court granted the motion. This appeal followed.

"We review *de novo* a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (internal quotation marks omitted). A Rule 12(c) motion should be granted only if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rivera v. Schweiker*, 717 F.2d 719, 722 n.1 (2d Cir. 1983) (internal quotation marks omitted). "When the plaintiff moves for judgment on the pleadings, the defendant's denials and allegations of the answer which are well pleaded must be taken as true," and "we draw all reasonable inferences in the [defendant's] favor." *Lively*, 6 F.4th at 304–05 (alterations and internal quotation marks omitted).

On appeal, Whittingham's central argument is that the district court erred in granting the government's motion for judgment on the pleadings because a factual dispute exists as to whether Whittingham committed bank fraud *before* her

4

naturalization. Specifically, she contends that the jury's verdict at her criminal trial could have been based solely on actions taken *after* she was naturalized in May 2006. The district court addressed this potential factual issue by taking judicial notice of the indictment, which charged Whittingham with committing certain offense conduct between October 2005 and February 2006, and the judgment of conviction in Whittingham's criminal case, which states that the end date of each of the offenses for which she was convicted was "2/28/06," more than two months before her naturalization. J. App'x at 1038. Whittingham argues that the district court erred in taking such notice. We disagree.

"[O]n a motion for judgment on the pleadings, courts may consider all documents that qualify as part of the non-movant's 'pleading,' including (1) the complaint *or* answer, (2) documents attached to the pleading, (3) documents incorporated by reference in or integral to the pleading, and (4) matters of which the court may take judicial notice." *Lively*, 6 F.4th at 306. We are free to take judicial notice of judgments of conviction. *See, e.g.*, *United States v. Gordon*, 723 F. App'x 30, 32 n.1 (2d Cir. 2018) ("We take judicial notice of these judgments of conviction pursuant to Federal Rule of Evidence 201."); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 88 n.2 (2d Cir. 2012) ("This Court may

take judicial notice of any fact that 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" (quoting Fed. R. Evid. 201(b)(2))).

Whittingham contends that the district court could only take judicial notice of the judgment of conviction for purposes other than "the truth of the matter[] asserted." Whittingham Br. at 16 (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)). But *Global Network Communications* involved judicial notice of statements contained in a New York City regulatory agency's denial of a franchise application, not statements in a judgment of conviction. *See Glob. Network Commc'ns*, 458 F.3d at 152. Indeed, "[i]t is well-settled that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case." *United States v. Podell*, 572 F.2d 31, 35 (2d Cir. 1978). And while "[s]uch estoppel extends only to questions distinctly put in issue and directly determined in the criminal prosecution," *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 569 (1951) (internal quotation marks omitted), in all the circumstances of this case, Whittingham's conviction must be a finding that she was guilty of the charged

6

offenses of bank fraud and conspiracy to commit bank fraud and that she completed each of those offenses by February 28, 2006. In our view, that is enough to trigger estoppel under *Emich* and *Podell*. There was therefore "no material issue of fact . . . to be resolved," and, because February 28, 2006 fell within the statutory period set forth in section 1427(a), the government was "entitled to judgment as a matter of law." *Rivera*, 717 F.2d at 722 n.1.

Finally, we note that even if we were to ignore the offense end date in the judgment of conviction, we would still affirm the district court based on Whittingham's answer, the indictment "incorporated by reference" therein, and the "authentic trial transcript," of which we take judicial notice. *Lively*, 6 F.4th at 305. In responding to the government's allegations in its complaint, Whittingham repeatedly stated in her answer that "the indictment . . . speaks for itself." J. App'x at 26, 28. She therefore incorporated the indictment by reference and rendered it part of her "pleading."[1] *Lively*, 6 F.4th at 306. The indictment states that Whittingham committed her conspiracy offense "[f]rom at least in or about October 2005, up to and including in or about February 2006," J. App'x at

---

[1] We have also previously taken judicial notice of indictments. *See United States ex rel. Rivera v. Follette*, 395 F.2d 450, 451 n.1 (2d Cir. 1968).

7

1007, and similarly that she committed her bank fraud offense "[f]rom in or about October 2005 up to and including in or about February 2006," *id.* at 1016.[2]

According to the criminal trial transcript, the jury was presented with evidence of Whittingham's criminal conduct in 2005 and early 2006. We are not aware of – and Whittingham has not pointed us to – any portion of this evidence that would have indicated that Whittingham instead committed her crimes entirely after her naturalization in May 2006. Moreover, the trial transcript reveals that the jury returned a guilty verdict "as to Count 1 of the indictment" and "as to Count 3 of the indictment." J. App'x at 875–76. Thus, even without considering the offense end dates in Whittingham's judgment of conviction, it is clear from the criminal trial transcript and the indictment incorporated in Whittingham's own pleading that the jury convicted her on counts alleging that she committed and conspired to commit bank fraud during a period starting in or about October 2005 and ending in or about February 2006.

Accepting this fact as true, drawing all reasonable inferences in

---

[2] Of course, in a criminal trial, an indictment may not be used as evidence of the truth of the allegations contained therein. *See United States v. Esso*, 684 F.3d 347, 350 (2d Cir. 2012). But after a conviction, an indictment provides information about the counts on which the jury returned its guilty verdict. That information is certainly probative here, where the issue is whether the pleadings establish as a matter of law that Whittingham committed and conspired to commit a crime involving moral turpitude before her naturalization in May 2006.

Whittingham's favor, and applying the clear, unequivocal, and convincing evidence standard, we conclude as a matter of law that Whittingham committed and conspired to commit a crime involving moral turpitude before her naturalization in May 2006. Even if we assume that the jury understood "in or about" to mean "reasonably near," *United States v. Nersesian*, 824 F.2d 1294, 1323 (2d Cir. 1987), there is simply no reasonable possibility that the jury's conviction reflected a conclusion that Whittingham's criminal conduct began not in October 2005 but instead in May 2006 after her naturalization. We therefore conclude that the district court did not err in granting judgment on the pleadings to the government.

We have considered Whittingham's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9